UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN THOMAS BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV81 CEJ |
| | ) | |
| UNKNOWN SHERIFF OF WARREN COUNTY, MO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $25.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court finds that this action must be dismissed under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff brings this action against the Sheriff of Warren County and an unknown deputy United States Marshal. From March 9, 2015, through May 4, 2015, plaintiff was held in the Warren County Jail under federal custody. On February 26, 2015, this Court granted plaintiff's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Bailey v. United States*, 4:15CV304 CEJ (E.D. Mo.). In its order granting relief, the Court ordered the United States Marshals Service to transport plaintiff from the Bureau of Prisons to a location where plaintiff could be present for resentencing on March 27, 2015. On March 27, 2015, the Court reduced plaintiff's sentence from 125 months to 63 months' imprisonment.

Plaintiff states that during his confinement in the Warren County Jail he was not given access to a law library. Because he did not have access to legal materials, he did not know that he could file a § 2255 motion in the district court or a § 2241 petition with the BOP. He does not state, however, how filing a successive § 2255 motion might have helped him.

On July 2, 2015, plaintiff was transferred to USP McCreary. He was assigned to a high security area. On July 9, 2015, he was assaulted by several inmates and suffered severe injuries. He says he was entitled to be placed in a medium security area, and he claims that the injuries were the result of the misclassification. He seeks to hold the Sheriff of Warren County liable for this misclassification by the BOP because, he claims, if he had access to a law library he would have known to seek an injunction or file § 2241 petition with the BOP preventing the misclassification. He seeks to hold the unknown deputy marshal liable because he "should have known" that plaintiff was being denied access to the courts at the Warren County Jail.

Plaintiff previously brought a civil action in this Court on these same facts and against the parties named in this case. *See Bailey v. Warden Unknown Kruger*, 4:15CV1393 JAR (E.D. Mo.). The Court dismissed the action against defendants Unknown Sheriff and Unknown Deputy Marshal under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted. The Court dismissed the remaining defendants in that case for improper venue.

## Discussion

Because the allegations in this case are duplicative of those raised in *Bailey v. Warden Unknown Kruger*, 4:15CV1393 JAR (E.D. Mo.), this action must be dismissed. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Moreover, the alleged causal connection between the lack of a law library in the Warren County Jail and plaintiff's subsequent assault at USP McCreary is wholly speculative and conclusory. As a result, the complaint does not state a plausible claim for relief under § 1983, and this case must be dismissed under 28 U.S.C. § 1915(e).

Because plaintiff has wasted the Court's resources by filing this same action twice, the his action will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $25.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

An Order of Dismissal will be filed separately.

Dated this 3rd day of March, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE